1   GEOFFREY A. HANSEN
    Acting Federal Public Defender
2   Northern District of California
    JOHN PAUL REICHMUTH
3   LISA MA
    Assistant Federal Public Defenders
4   55 South Market Street, Suite 820
    San Jose, CA 95113
5   Telephone:   (510) 637-3500
    Fax:  (510) 637-3507
6   Email:        John_Reichmuth@fd.org
7
    Counsel for Defendant David Cervantes
8

    SHAFFY MOEEL
9   Moeel Lah Fakhoury LLP
    1300 Clay St., Ste. 600
10  Oakland, CA 94612
    Telephone: 510-500-9994
11  Email: shaffy@mlf-llp.com
12
    Counsel for Defendant Antonio Guillen
13

    ERIK G. BABCOCK
14  Law Offices of Erik Babcock
    717 Washington St., 2d Floor
15  Oakland, CA 94607
    Telephone: 510-452-8400
16  Email: erik@babcocklawoffice.com
17
    Counsel for Defendant James Perez
18

    MIRANDA KANE
19  MATTHEW LESLIE SMITH
    Conrad | Metlitzky | Kane LLP
20  Four Embarcadero Center, Suite 1400
    San Francisco, CA 94111
21  Telephone: 415-343-7100
    Email: mkane@conmetkane.com
22

23  Counsel for Defendant Samuel Luna

24  RANDY SUE POLLOCK
    Attorney at Law
25  286 Santa Clara Avenue
    Oakland, CA 94610
26  Telephone: 510-763-9967
    Email: rsp@rspollocklaw.com
27
    Counsel for Defendant Guillermo Solorio
28

    MICHELLE D. SPENCER
    Attorney at Law
    55 River Street , Suite 100
    Santa Cruz, CA 95060
    Telephone: 831-458-0502
    Email: mdspencerlaw@gmail.com

    Counsel for Defendant Trinidad Martinez

    JAY ADAM RORTY
    Law Offices of Jay Rorty
    501 Mission Street Ste. 10
    Santa Cruz, CA 95060
    Telephone: 831-427-8154
    Email: jayrorty@gmail.com

    Counsel for Defendant George Franco

    DAVID L. PLOTSKY
    Plotsky Dougherty, P.C.
    122 Girard SE
    Albuquerque, NM 87106
    Telephone: 505-268-0095
    Email: plotskylaw@gmail.com

    Counsel for Defendant Steven Trujillo

    CHARLES JASON SIMPSON WOODSON
    Law Offices of Charles J.S. Woodson
    725 Washington Street, Ste. 312
    Oakland, CA 94607
    Telephone: 510-302-8780
    Email: cwoodson@cjswlaw.com

    Counsel for Defendant Salvador Castro

    CARLEEN R. ARLIDGE
    Attorney at Law
    111 North Market Street, Ste. 300
    San Jose, CA 95113
    Telephone: 408-288-8533
    Email: craatty@aol.com

    Counsel for Defendant Bryan Robledo

PETER LANGDON ARIAN
Peter L. Arian Law Offices
333 Bradford Street, Ste. 190
Redwood City, CA 94063
Telephone: 415-785-4060
Email: peterarianlaw@gmail.com

Counsel for Defendant Alex Yrigollen

ERICK L. GUZMAN
115 Fourth St., Ste D
Santa Rosa, CA 95401
Telephone: 707-595-4474
Email: elg@guzmanlaw.org

Counsel for Defendant Juan Soto

STEVEN GARY KALAR
Kalar Law Office
1569 Solano Ave. #312
Berkeley, CA 94707
Telephone: (415) 295-4675
Email: Steven@Kalarlaw.com

Counsel for Defendant Edgardo Rodriguez

MARK D. FLANAGAN
WilmerHale LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
Email: mark.flanagan@wilmerhale.com

Counsel for Defendant Robert Maldonado

JOHN J. JORDAN
Law Office of John J. Jordan
601 Montgomery Street, Ste. 850
San Francisco, CA 94111
Telephone: (415) 391-4814
Email: jjordanesq@aol.com

Counsel for Defendant Eric Zarate

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CERVANTES, ANTONIO GUILLEN, JAMES PEREZ, SAMUEL LUNA, GUILLERMO SOLORIO, TRINIDAD MARTINEZ, GEORGE FRANCO, STEVEN TRUJILLO, SALVADOR CASTRO, BRYAN ROBLEDO, ALEX YRIGOLLEN, JUAN SOTO, EDGARDO RODRIGUEZ, ROBERT MALDONADO, and ERIC ZARATE,<br>        Defendants. | Case No. CR 21–00328 YGR<br><br>**MOTION TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM**<br><br>**Court:** Courtroom 1 – 4th Floor<br>**Hearing Date:** February 14, 2022<br>**Hearing Time:** 1 p.m. |

## NOTICE, MOTION, AND INTRODUCTION

On August 25, 2021, a grand jury returned a three-count indictment charging the above-captioned defendants with participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Dkt. No. 1. On August 27, 2021, the Court issued a writ of habeas corpus *ad prosequendum* for the defendants. Dkt. No. 4. As a result, the defendants were transported from California State Prison Solano ("CSP Solano"), a state prison in this District where they were serving their state sentences, to United States Penitentiary Atwater ("USP Atwater"), a high security federal prison in the Eastern District of California that does not ordinarily house pretrial detainees.

The defendants, through counsel, now move to quash the writ of habeas corpus *ad prosequendum* and for their immediate return to state custody. The motion is based on this notice and motion, the following memorandum of points and authorities, and applicable constitutional, statutory, and case authority, and any evidence and argument presented at the hearing of this motion.

## ARGUMENT

Federal courts have limited statutory authority to issue writs of habeas corpus under 28 U.S.C. § 2241(a). *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004). District courts may grant a writ of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Although the initial statutory authority for issuing writs of habeas corpus did not expressly include the writ of habeas corpus *ad prosequendum*, the Supreme Court interpreted the words "habeas corpus" to include the writ "necessary to remove a prisoner in order to prosecute him in the proper jurisdiction wherein the offense was committed." *Carbo v. United States*, 364 U.S. 611, 615 (1961) (citing *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 98 (1807)). In 1948, a federal court's authority to issue the writ *ad prosequendum* was made explicit with the enactment of 28 U.S.C. § 2241, which provides that the "writ of habeas corpus shall not extend to a prisoner unless ... [i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5); *see also United States v. Mauro*, 436 U.S. 340, 357-58 (1978) (reviewing case law and legislative history of writs *ad prosequendum*).

An *ad prosequendum* writ exists to facilitate a *temporary* transfer of custody. In *Mauro*, the Supreme Court distinguished between a writ of habeas corpus *ad prosequendum* and a detainer. 436

1  U.S. at 358. "[A] detainer merely puts the officials of the institution in which the prisoner is

2  incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release

3  from prison." *Id.* In contrast, a writ of habeas corpus *ad prosequendum* is a federal court's order

4  "requiring the *immediate* presence of the prisoner" or "demanding the prisoner's presence in federal

5  court on a *certain day*." 436 U.S. at 358, 362 (emphasis added). Its "role and functioning" is to

6  "secure the presence, for purposes of trial, of defendants in federal criminal cases, including

7  defendants then in state custody." 436 U.S. at 358.

8      Here, the government's use of the writ of habeas *corpus ad prosequendum* to transfer the

9  defendants to federal custody in a different District pending trial rather than for their appearance at a

10  specific court proceeding defies the plain text of section 2241(c)(5) and Supreme Court authority on

11  the "role and functioning" of the writ. *Mauro*, 436 U.S. at 358. The defendants are being held in

12  federal custody *not* "to bring [them] into court to testify or for trial," 28 U.S.C. § 2241(c)(5), or for

13  their "immediate presence" in court "on a certain day," *Mauro*, 436 U.S. at 358, 362—but pending

14  their trial, which may not be scheduled for years. *See, e.g., United States v. Henry Cervantes*, No. CR

15  12-00792 YGR (N.D. Cal.) (defendants detained pretrial from 2012 to 2016 in a Nuestra Familia

16  case). Such federal pretrial detention exceeds the limited scope of the writ of habeas corpus *ad*

17  *prosequendum*. Historically, the writ was used only to secure the presence of a state prisoner for

18  specific federal court appearances, not for the wholesale custodial transfer of a state prisoner into

19  federal pretrial detention. *See, e.g., Carbo*, 364 U.S. at 622 (state prisoner returned to custody in New

20  York during seven-month interim between arraignment in the Southern District of California and

21  trial); *see also Johnson v. Gill*, 883 F.3d 756, 759 (9th Cir. 2018) (observing that district court issued

22  writs of habeas corpus *ad prosequendum* for the defendant on three discrete days "so that he could

23  attend federal court proceedings"); *Thomas v. Brewer*, 923 F.2d 1361, 1362-63 (9th Cir. 1991) (ad

24  *prosequendum* writs issued by district court for defendant's appearance on particular days).

25      Nor does the defendants' transfer into federal custody effectively secure their presence in

26  federal court "in the proper jurisdiction wherein the offense was committed." *Carbo*, 364 U.S. at 615.

27  The offense in this case was allegedly committed in the Northern District of California, but the

28  defendants are being detained in the Eastern District of California, which is outside of this Court's

MOT. TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM
*CERVANTES*, CR 21–00328 YGR

2

1   jurisdiction. Additionally, USP Atwater is two hours farther away from the Court: CSP Solano is

2   only a two-hour round-trip drive from the courthouse, while USP Atwater is a four-hour round-trip

3   drive. The writ's effect of placing the defendants outside of the Court's jurisdiction and increasing

4   the distance between the defendants and the Court not only undermines the writ's purpose but also

5   interferes with the defendants' Sixth Amendment rights to counsel and due process. *See United States*

6   *v. Irwin*, 612 F.2d 1182, 1185 (9th Cir. 1980) ("It is clear that government interference with a

7   defendant's relationship with his attorney may render counsel's assistance so ineffective as to violate

8   his Sixth Amendment right to counsel and his Fifth Amendment right to due process of law.").

9   Moreover, the government used the writ not merely to transfer the defendants to another District, but

10  also to take defendants to Moffett Federal Airfield to be interviewed by federal agents, in violation of

11  their constitutional and statutory rights. *See* Declaration of John Paul Reichmuth In Support of

12  Motion to Modify Conditions of Confinement, Exhibit 4, ¶ 4; U.S. Const. amend. V; 18 U.S.C. §

13  3501(a); Fed. R. Crim. P. 5(a)(1)(A).

14      A writ of habeas corpus ad prosequendum permits the federal sovereignty to "successfully"

15  "borrow" a state prisoner to secure their presence in "federal court on a specific date" "without

16  interrupting the state's priority of jurisdiction, and its right to enforce its sentence." *United States v.*

17  *Bylund*, No. 321CR00051SLGMMS3, 2021 WL 2269459, at *2–3 (D. Alaska June 3, 2021)

18  (quashing writ of habeas corpus *ad prosequendum* and placing state prisoner back in state custody

19  after federal authorities "borrowed" state prisoner for arraignment). It does *not* permit what the

20  federal sovereignty has done here: transfer a state prisoner to federal custody in an unrelated District

21  not for a specific federal court appearance but for an interview by federal agents followed by an

22  indeterminate period of pretrial detention.

23                              **CONCLUSION**

24      The writ of habeas corpus *ad prosequendum* should be quashed, and the defendants should be

25  returned to state custody.

Dated:      January 10, 2022                          Respectfully submitted,

                                                     GEOFFREY A. HANSEN
                                                     Acting Federal Public Defender
                                                     Northern District of California

                                                     _____/S_____
                                                     JOHN PAUL REICHMUTH
                                                     Assistant Federal Public Defender
                                                     Counsel for Defendant David Cervantes

                                                     _____/S_____
                                                     SHAFFY MOEEL
                                                     Moeel Lah Fakhoury LLP
                                                     Counsel for Defendant Antonio Guillen

                                                     _____/S_____
                                                     ERIK G. BABCOCK
                                                     Law Offices of Erik Babcock
                                                     Counsel for Defendant James Perez

                                                     _____/S_____
                                                     MIRANDA KANE
                                                     MATTHEW LESLIE SMITH
                                                     Conrad | Metlitzky | Kane LLP
                                                     Counsel for Defendant Samuel Luna

                                                     _____/S_____
                                                     RANDY SUE POLLOCK
                                                     Attorney at Law
                                                     Counsel for Defendant Guillermo Solorio

                                                     _____/S_____
                                                     MICHELLE D. SPENCER
                                                     Attorney at Law
                                                     Counsel for Defendant Trinidad Martinez

                                                     _____/S_____
                                                     JAY ADAM RORTY
                                                     Law Offices of Jay Rorty
                                                     Counsel for Defendant George Franco

                                                     _____/S_____
                                                     DAVID L. PLOTSKY
                                                     Plotsky Dougherty, P.C.
                                                     Counsel for Defendant Steven Trujillo

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/S

CHARLES JASON SIMPSON WOODSON
Law Offices of Charles J.S. Woodson
Counsel for Defendant Salvador Castro

/S

CARLEEN R. ARLIDGE
Attorney at Law
Counsel for Defendant Bryan Robledo

/S

PETER LANGDON ARIAN
Peter L. Arian Law Offices
Counsel for Defendant Alex Yrigollen

/S

ERICK L. GUZMAN
Law Offices
Counsel for Defendant Juan Soto

/S

STEVEN GARY KALAR
Kalar Law Office
Counsel for Defendant Edgardo Rodriguez

/S

MARK D. FLANAGAN
WilmerHale LLP
Counsel for Defendant Robert Maldonado

/S

JOHN J. JORDAN
Law Office of John J. Jordan
Counsel for Defendant Eric Zarate