| | |
|---|---|
| GEOFFREY A. HANSEN<br>Acting Federal Public Defender<br>Northern District of California<br>JOHN PAUL REICHMUTH<br>LISA MA<br>Assistant Federal Public Defenders<br>1301 Clay St., Suite 1350N<br>Oakland, CA 94612<br>Telephone:   415-517-8647<br>Fax:   510-637-3507<br>Email:         john_reichmuth@fd.org<br><br>Counsel for Defendant David Cervantes<br><br>SHAFFY MOEEL<br>Moeel Lah Fakhoury LLP<br>1300 Clay St., Ste. 600<br>Oakland, CA 94612<br>Telephone: 510-500-9994<br>Email: shaffy@mlf-llp.com<br><br>Counsel for Defendant Antonio Guillen<br><br>ERIK G. BABCOCK<br>Law Offices of Erik Babcock<br>717 Washington St., 2d Floor<br>Oakland, CA 94607<br>Telephone: 510-452-8400<br>Email: erik@babcocklawoffice.com<br><br>Counsel for Defendant James Perez<br><br>MIRANDA KANE<br>MATTHEW LESLIE SMITH<br>Conrad \| Metlitzky \| Kane LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>Telephone: 415-343-7100<br>Email: mkane@conmetkane.com<br><br>Counsel for Defendant Samuel Luna<br><br>RANDY SUE POLLOCK<br>Attorney at Law<br>286 Santa Clara Avenue<br>Oakland, CA 94610<br>Telephone: 510-763-9967<br>Email: rsp@rspollocklaw.com<br><br>Counsel for Defendant Guillermo Solorio | MICHELLE D. SPENCER<br>Attorney at Law<br>55 River Street , Suite 100<br>Santa Cruz, CA 95060<br>Telephone: 831-458-0502<br>Email: mdspencerlaw@gmail.com<br><br>Counsel for Defendant Trinidad Martinez<br><br>JAY ADAM RORTY<br>Law Offices of Jay Rorty<br>501 Mission Street Ste. 10<br>Santa Cruz, CA 95060<br>Telephone: 831-427-8154<br>Email: jayrorty@gmail.com<br><br>Counsel for Defendant George Franco<br><br>MIKE HINCKLEY<br>Attorney at Law<br>803 Hearst Avenue<br>Berkeley, CA 94710<br>Telephone: 415-706-1386<br>Email: mike@mhlaw.us<br><br>Counsel for Defendant Steven Trujillo<br><br>CHARLES JASON SIMPSON WOODSON<br>Law Offices of Charles J.S. Woodson<br>725 Washington Street, Ste. 312<br>Oakland, CA 94607<br>Telephone: 510-302-8780<br>Email: cwoodson@cjswlaw.com<br><br>Counsel for Defendant Salvador Castro<br><br>CARLEEN R. ARLIDGE<br>Attorney at Law<br>111 North Market Street, Ste. 300<br>San Jose, CA 95113<br>Telephone: 408-288-8533<br>Email: craatty@aol.com<br><br>Counsel for Defendant Bryan Robledo | |

| | |
|---|---|
| PETER LANGDON ARIAN<br>Peter L. Arian Law Offices<br>333 Bradford Street, Ste. 190<br>Redwood City, CA 94063<br>Telephone: 415-785-4060<br>Email: peterarianlaw@gmail.com<br><br>Counsel for Defendant Alex Yrigollen | MARK D. FLANAGAN<br>WilmerHale LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: 650-858-6000<br>Email: mark.flanagan@wilmerhale.com<br><br>Counsel for Defendant Robert Maldonado |
| ERICK L. GUZMAN<br>115 Fourth St., Ste D<br>Santa Rosa, CA 95401<br>Telephone: 707-595-4474<br>Email: elg@guzmanlaw.org<br><br>Counsel for Defendant Juan Soto | JOHN J. JORDAN<br>Law Office of John J. Jordan<br>601 Montgomery Street, Ste. 850<br>San Francisco, CA 94111<br>Telephone: (415) 391-4814<br>Email: jjordanesq@aol.com<br><br>Counsel for Defendant Eric Zarate |
| STEVEN GARY KALAR<br>Kalar Law Office<br>1569 Solano Ave. #312<br>Berkeley, CA 94707<br>Telephone: (415) 295-4675<br>Email: Steven@Kalarlaw.com<br><br>Counsel for Defendant Edgardo Rodriguez | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID CERVANTES, ANTONIO GUILLEN, JAMES PEREZ, SAMUEL LUNA, GUILLERMO SOLORIO, TRINIDAD MARTINEZ, GEORGE FRANCO, STEVEN TRUJILLO, SALVADOR CASTRO, BRYAN ROBLEDO, ALEX YRIGOLLEN, JUAN SOTO, EDGARDO RODRIGUEZ, ROBERT MALDONADO, and ERIC ZARATE,<br>　　　　Defendants. | Case No. CR 21–00328 YGR<br><br>**REPLY TO OPPOSITION TO MOTION FOR IMMEDIATE RELIEF FROM SOLITARY CONFINEMENT AND FOR MODIFICATION OF CONDITIONS OF PRETRIAL DETENTION**<br><br>**Court:**　　Courtroom 1 – 4th Floor<br>**Hearing Date:**　March 25, 2022<br>**Hearing Time:**　9 a.m. |

**INTRODUCTION**

In its opposition to the above-captioned defendants' motion challenging their conditions of pretrial detention at United States Penitentiary Atwater ("Atwater"), the government argues that this Court lacks jurisdiction to consider the motion and the defendants should instead pursue administrative remedies. Gov't Opp'n to Def. Mot. for Immediate Relief from Solitary Confinement and for Modification of Conditions of Pretrial Detention ("Opp'n"), Dkt. No. 214, at 4-5. Though the Court's jurisdiction is limited, there are two avenues through which the Court can remedy the defendants' conditions of pretrial detention. The first is under the Due Process Clause of the Fifth Amendment: pretrial conditions deny due process when they are "imposed for the purpose of punishment." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). The second is under the Sixth Amendment: pretrial conditions violate the Sixth Amendment when they affect a defendant's ability to aid his attorney in his defense, and thereby obtain a fair and speedy trial. *See United States v. Barclay*, No. 1:19-CR-00221-BLW, 2020 WL 1062992, at *4 (D. Idaho Mar. 2, 2020). The conditions of confinement at Atwater fail both these constitutional tests, even despite recent improvements.

**ARGUMENT**

**I.   The conditions of defendants' pretrial detention are unconstitutionally punitive.**

The government argues that the defendants have not shown a punitive purpose behind their placement at Atwater, and therefore cannot show a substantive violation of their due process rights. Opp'n at 17. That the Santa Rita Jail would not accept the defendants, however, does not address their claim that their conditions of confinement are punitive. *See* Opp'n at 1. Though it may explain why the defendants were placed at a high-security federal prison, it fails to justify the conditions imposed once the defendants were placed there. The government attempts to justify Atwater's conditions by asserting that all fifteen defendants were identified as "high profile, high security inmates" who required, among other restrictions, limiting them to one hour of daily outside recreation, twice-hourly nightly bed checks, and restraints during legal visits. Declaration of Armando Briceño ("Briceño Decl."), Dkt. No. 214-2, ¶¶ 7-13.

These restrictive conditions "constitute punishment in the constitutional sense" because they are not "rationally related to a legitimate non-punitive governmental purpose "and "appear excessive

in relation to that purpose." *Bell*, 441 U.S. at 561. In *United States v. Lopez*, 327 F. Supp. 2d 138 (D.P.R. 2004), the district court determined that the BOP's placement of an inmate facing the death penalty in administrative detention was unconstitutionally punitive because the government "simply relied on the assumption that inmates facing the death penalty are inherently more prone to disrupt the orderly running of the institution if they remain in the general population since they are more likely to take a hostage, hurt a staff member, another inmate, or themselves." *Id*. at 143. "This presumption ignores the fact that Defendant resided in the general population for over ten (10) months without causing such disruption or taking any hostages…" *Id.*

Similarly, in this case, the government has simply relied on its assumptions that detainees who have been convicted of murder and allegedly lead prison gangs are more likely to disrupt the safety, security, and order of Atwater, during the pendency of their federal cases. The government claims the twice-hourly bed checks are necessary to ensure security, but it has proffered no particularized evidence that any of the defendants are prone to escape and ignores the fact that the defendants largely resided in general population for years without escaping. *See* Opp'n at 20. The government also claims that limiting outside recreation time to one hour per day is necessary but again proffers no evidence that any defendant has interfered with the security of a detention facility during solitary recreation time and fails to explain how additional solitary recreation time would impair the security or orderly functioning of Atwater. *See* Opp'n at 17-18. Nor has it explained how restricting defendants' personal calls to only one-fifteen minute phone call per month is reasonably related to any non-punitive motive. *See id*.; Mot. at 2. In addition, Atwater has recently informed defendants that they will be subjected to monthly urine tests but, again, the government has not proffered any evidence that any defendant is prone to illicit drug use. Second Declaration of John Paul Reichmuth ("Reichmuth Decl. II"), attached as Exhibit 6, ¶ 2. The defendants are being held in a prison. Their conditions of confinement are not-surprisingly punitive.

The government also argues that shackling the defendants during legal visits with their counsel is "based on valid security concerns" that defendants could pose a risk to prison staff and their counsel. Opp'n at 13. But, as a district court in the District of Oregon has found, where, as here, there is no evidence of defendants' misconduct during legal visits, there is "little doubt that the use of

full restraints … during legal visits constitutes punishment above and beyond any legitimate security concern. The use of full restraints violates the Federal Performance–Based Detention Standards, hinders … participation in legal visits, is not related to any misbehavior …, and is not a standard condition for those awaiting trial in a capital case." *United States v. Pedersen*, No. 3:12-CR-00431-HA, 2013 WL 3187208, at *4 (D. Or. June 20, 2013) (ordering "defendant shall not be placed in full restraints" during legal visits "unless and until defendant commits some new act that raises legitimate security concerns in the context of legal visits."). This sound reasoning applies to all of the challenged conditions, not merely shackling.

The government cites a number of cases in which courts have upheld similarly restrictive conditions of pretrial detention. *See* Opp'n at 16-20. Those cases, however, are distinguishable because pretrial detention is generally short. *See Norbert v. San Francisco Sheriff's Dep't*, No. 19-CV-02724-SK, 2020 WL 8675997, at *4 (N.D. Cal. Jan. 31, 2020) ("jails were initially created to house pretrial detainees on a short-term basis."), *aff'd in part, appeal dismissed in part*, 10 F.4th 918 (9th Cir. 2021); *cf. Valdez v. Rosenbaum*, 302 F.3d 1039, 1046 (9th Cir. 2002) (denial of telephone privileges for pretrial detainee did not violate substantive due process partially because the denial was in place for only a "short time" (36 days)). In contrast, defendants' pretrial detention—and solitary confinement—could last for more than four years. *See* Mot. at 6. As Hon. Sallie Kim, United States Magistrate, has found, solitary confinement for pretrial detainees who have been confined for more than four years constitutes punishment. *See Norbert*, 2020 WL 8675997, at *32; *see also Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979) ("it was cruel and unusual punishment for a prisoner to be confined for a *period of years* without opportunity to go outside except for occasional court appearances, attorney interviews, and hospital appointments.") (emphasis added).

A number of similarly-situated pretrial defendants who have been detained for a period of years have been safely held under less restrictive conditions. *See* Mot. at 8. The Atwater restrictions for such a prolonged period of pretrial detention are thus "not reasonably related to a legitimate goal" and "arbitrary or purposeless," and the Court should "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees," *Bell*, 441 U.S. at 539, and grant the motion.

**II.   Defendants' pretrial detention at Atwater violates their Sixth Amendment rights to counsel and speedy trial.**

The government argues that Atwater's distance from counsel is a mere inconvenience. Opp'n at 12-13. But "when the interest in effectively administering a federal detention center conflicts with a detainee's constitutional rights, it is clear which must give way." *Barclay*, No. 1:19-CR-00221-BLW, 2020 WL 1062992, at *4. "Where a pretrial detainee's right to a speedy trial or access to counsel is infringed by their conditions of imprisonment, the Court has the power and duty to protect the detainee's rights." *Id*. In *Barclay*, the district court found that the defendant's detention at a facility more than 500 miles from his counsel "presented [counsel] with an unacceptable choice—either forgo adequate preparation of his defense or request a continuance to make more trips to SeaTac. This is a true Hobson's choice—forcing Barclay to choose between which of his constitutional rights he values the most." *Id*. at *5. Defendants in this case face the same Hobson's choice: they must either forgo adequate preparation of their defenses in order to assert their speedy trial rights or request continuances in order to adequately confer with their counsel and review discovery.

The government argues that it provides constitutionally adequate access to counsel and discovery through liberal access to legal calls and videoconferences and two electronic discovery stations and a laptop. Opp'n at 14-15. The government's assertions do not square with the situation described by defendants. *See* Mot. at 1-4. Defense counsel and defendants have been repeatedly denied adequate access to legal calls, confidential legal mail, discovery, and the law library. *See* Mot. at 3-4. To the extent that the government continues to dispute the defendants' lived experiences at Atwater, an evidentiary hearing is warranted. *See Turner v. Safley*, 482 U.S. 78 (1987).

The government's arguments also fail to consider the magnitude of the defendants' case. *See* Opp'n at 14-15. Atwater's restrictions might be permissible in the run-of-the-mill drug case, but a case of this scale may require thousands of hours of attorney-client meetings due to the number of defendants, the seriousness of the charges, the quantity of discovery (including multi-media recordings), the anticipated trial length, and the protective order that limits defense counsel's ability to provide clients with certain materials. The infringement on the right to counsel is much greater under these circumstances. The Atwater restrictions—solitary confinement in a prison two hours from counsel—are unreasonable even for the ordinary criminal case, let alone one of this complexity.

REPLY TO OPP'N TO MOT. TO MODIFY CONDITIONS OF PRETRIAL DETENTION
*CERVANTES*, CR 21–00328 YGR

4

**III.  Recent changes do not make clear that the violations of defendants' rights will not recur.**

The government admits that many of its steps to improve the defendants' conditions of confinement, such as the conversion of two cells into electronic discovery stations and certain disability accommodations, are recent changes that occurred since the filling of the defendants' motion. Opp'n at 14-15, 21. Indeed, the second disability-accessible cell was added only days before the government's opposition was filed. *See* Opp'n at 21; Reichmuth Decl. II ¶ 2.

Atwater's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Accordingly, the voluntary cessation of challenged conduct moots a claim only if "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). Here, there is no such clarity that the violations of defendants' Sixth Amendment rights cannot reasonably be expected to recur. Even in recent weeks, defendants have had difficulty communicating confidentially with counsel and accessing optometry and dentistry. Reichmuth Decl. II ¶¶ 2, 3. The government has violated the Fifth and Sixth Amendments. *See e.g., Nordstrom v. Ryan,* 762 F.3d 903, 910 (9th Cir. 2014) (holding that a single instance of a prison guard reading legal mail stated a claim for Sixth Amendment violation).

**CONCLUSION**

Defendants should be released from administrative segregation at Atwater and their conditions of confinement should be modified. Alternatively, an evidentiary hearing or pretrial discovery on the conditions of confinement should be granted.

Dated: February 14, 2022

Respectfully submitted,

GEOFFREY A. HANSEN
Acting Federal Public Defender
Northern District of California

/S
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
Counsel for Defendant David Cervantes

/S
SHAFFY MOEEL
Moeel Lah Fakhoury LLP
Counsel for Defendant Antonio Guillen

/S
ERIK G. BABCOCK
Law Offices of Erik Babcock
Counsel for Defendant James Perez

/S
MIRANDA KANE
MATTHEW LESLIE SMITH
Conrad | Metlitzky | Kane LLP
Counsel for Defendant Samuel Luna

/S
RANDY SUE POLLOCK
Attorney at Law
Counsel for Defendant Guillermo Solorio

/S
MICHELLE D. SPENCER
Attorney at Law
Counsel for Defendant Trinidad Martinez

/S
JAY ADAM RORTY
Law Offices of Jay Rorty
Counsel for Defendant George Franco

/S
MIKE HINCKLEY
Attorney at Law
Counsel for Defendant Steven Trujillo

                                  /S
_____
CHARLES JASON SIMPSON WOODSON
Law Offices of Charles J.S. Woodson
Counsel for Defendant Salvador Castro

                                  /S
_____
CARLEEN R. ARLIDGE
Attorney at Law
Counsel for Defendant Bryan Robledo

                                  /S
_____
PETER LANGDON ARIAN
Peter L. Arian Law Offices
Counsel for Defendant Alex Yrigollen

                                  /S
_____
ERICK L. GUZMAN
Law Offices
Counsel for Defendant Juan Soto

                                  /S
_____
STEVEN GARY KALAR
Kalar Law Office
Counsel for Defendant Edgardo Rodriguez

                                  /S
_____
MARK D. FLANAGAN
WilmerHale LLP
Counsel for Defendant Robert Maldonado

                                  /S
_____
JOHN J. JORDAN
Law Office of John J. Jordan
Counsel for Defendant Eric Zarate

# EXHIBIT 6

**EXHIBITS IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR IMMEDIATE RELIEF FROM SOLITARY CONFINEMENT AND FOR MODIFICATION OF CONDITIONS OF PRETRIAL DETENTION**

GEOFFREY A. HANSEN
Acting Federal Public Defender
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
1301 Clay St. – Suite 1350N
Oakland, CA 94612
Telephone:  (415) 517-8647
Facsimile:  (510) 637-3514
Email:  john_reichmuth@fd.org

Counsel for DAVID CERVANTES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 21–00328 YGR |
|---|---|
| Plaintiff, | **SECOND DECLARATION OF JOHN PAUL REICHMUTH** |
| v. | |
| DAVID CERVANTES, | |
| Defendant. | |

I, John Paul Reichmuth, hereby declare:

1.   I am an Assistant Federal Public Defender for the Northern District of California, Oakland Division. My office was appointed to represent David Cervantes when he made his initial appearance in the above-captioned criminal case, on September 16, 2021. I am informed and believe the following:

2.   A Bureau of Prisons official recently informed some of Mr. Cervantes' codefendants at United States Penitentiary Atwater ("Atwater") that they would be subjected to monthly urine testing. In addition, some defendants have been denied access to see an optometrist or dentist. Though a second disability-accessible cell has been added to Atwater for defendants' use, it was added only a few days before the filing of the government's opposition.

3. In recent weeks, Mr. Cervantes and his codefendants at Atwater continue to have difficulty communicating confidentially with counsel, including receiving legal mail that has already been opened and being unable to timely schedule legal calls with their attorneys.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated on information and belief, and as to those matters, I am informed and believe them to be true.

Executed February 14, 2022, at Oakland, California.

                                                  /S/
                                   JOHN PAUL REICHMUTH
                                   Assistant Federal Public Defender