GEOFFREY A. HANSEN
Acting Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
LISA MA
Assistant Federal Public Defenders
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone:   (510) 637-3500
Fax:  (510) 637-3507
Email:        John_Reichmuth@fd.org

Counsel for Defendant David Cervantes

SHAFFY MOEEL
Moeel Lah Fakhoury LLP
1300 Clay St., Ste. 600
Oakland, CA 94612
Telephone: 510-500-9994
Email: shaffy@mlf-llp.com

Counsel for Defendant Antonio Guillen

ERIK G. BABCOCK
Law Offices of Erik Babcock
717 Washington St., 2d Floor
Oakland, CA 94607
Telephone: 510-452-8400
Email: erik@babcocklawoffice.com

Counsel for Defendant James Perez

MIRANDA KANE
MATTHEW LESLIE SMITH
Conrad | Metlitzky | Kane LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: 415-343-7100
Email: mkane@conmetkane.com

Counsel for Defendant Samuel Luna

RANDY SUE POLLOCK
Attorney at Law
286 Santa Clara Avenue
Oakland, CA 94610
Telephone: 510-763-9967
Email: rsp@rspollocklaw.com

Counsel for Defendant Guillermo Solorio

MICHELLE D. SPENCER
Attorney at Law
55 River Street , Suite 100
Santa Cruz, CA 95060
Telephone: 831-458-0502
Email: mdspencerlaw@gmail.com

Counsel for Defendant Trinidad Martinez

JAY ADAM RORTY
Law Offices of Jay Rorty
501 Mission Street Ste. 10
Santa Cruz, CA 95060
Telephone: 831-427-8154
Email: jayrorty@gmail.com

Counsel for Defendant George Franco

MIKE HINCKLEY
Attorney at Law
803 Hearst Avenue
Berkeley, CA 94710
Telephone: 415-706-1386
Email: mike@mhlaw.us

Counsel for Defendant Steven Trujillo

CHARLES JASON SIMPSON WOODSON
Law Offices of Charles J.S. Woodson
725 Washington Street, Ste. 312
Oakland, CA 94607
Telephone: 510-302-8780
Email: cwoodson@cjswlaw.com

Counsel for Defendant Salvador Castro

CARLEEN R. ARLIDGE
Attorney at Law
111 North Market Street, Ste. 300
San Jose, CA 95113
Telephone: 408-288-8533
Email: craatty@aol.com

Counsel for Defendant Bryan Robledo

PETER LANGDON ARIAN
Peter L. Arian Law Offices
333 Bradford Street, Ste. 190
Redwood City, CA 94063
Telephone: 415-785-4060
Email: peterarianlaw@gmail.com

Counsel for Defendant Alex Yrigollen

ERICK L. GUZMAN
115 Fourth St., Ste D
Santa Rosa, CA 95401
Telephone: 707-595-4474
Email: elg@guzmanlaw.org

Counsel for Defendant Juan Soto

STEVEN GARY KALAR
Kalar Law Office
1569 Solano Ave. #312
Berkeley, CA 94707
Telephone: (415) 295-4675
Email: Steven@Kalarlaw.com

Counsel for Defendant Edgardo Rodriguez

MARK D. FLANAGAN
WilmerHale LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
Email: mark.flanagan@wilmerhale.com

Counsel for Defendant Robert Maldonado

JOHN J. JORDAN
Law Office of John J. Jordan
601 Montgomery Street, Ste. 850
San Francisco, CA 94111
Telephone: (415) 391-4814
Email: jjordanesq@aol.com

Counsel for Defendant Eric Zarate

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br>     v. <br><br> DAVID CERVANTES, ANTONIO GUILLEN, JAMES PEREZ, SAMUEL LUNA, GUILLERMO SOLORIO, TRINIDAD MARTINEZ, GEORGE FRANCO, STEVEN TRUJILLO, SALVADOR CASTRO, BRYAN ROBLEDO, ALEX YRIGOLLEN, JUAN SOTO, EDGARDO RODRIGUEZ, ROBERT MALDONADO, and ERIC ZARATE, <br>     Defendants. | Case No. CR 21–00328 YGR <br><br> **REPLY TO OPPOSITION TO MOTION TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM** <br><br> **Court:**       Courtroom 1 – 4th Floor |

**INTRODUCTION**

The government's opposition to the above-captioned defendants' motion to quash the writ of habeas corpus *ad prosequendum* reveals its intent behind seeking the writ: to prevent the defendants from "sit[ting] atop a sprawling statewide prison gang" and "resum[ing] their activities" at state penal institutions—not the statutorily-authorized purpose of bringing them "into court." 28 U.S.C. § 2241(c)(5). *See* Opp'n to Mot. to Quash ("Opp'n"), Dkt No. 215, at 1, 2. Indeed, as of the date of this filing, none of the defendants at United States Penitentiary Atwater ("Atwater") have ever been brought "into court." *See* Dkt. No. 21. The government seeks to obscure this fact by arguing that defendants lack "standing" to challenge the writ. Opp'n at 2-4. The government, however, confuses standing for habeas relief with standing under Article III of the United States Constitution—and does so under an inapplicable habeas standard. Defendants are not seeking habeas relief. They are already before this Court, and they clearly have Article III standing to challenge the *jurisdiction* of the magistrate judge to issue the writ that has detained them at Atwater pending trial. Because the writ was issued without jurisdiction, in clear violation of the plain text of 28 U.S.C. § 2241(c)(5), it is void *ab initio*, and defendants are entitled to relief.

Alternatively, because the government exceeded the scope of the writ in violation of the Fourth Amendment, the defendants' bodies should be returned as unlawfully seized.

**ARGUMENT**

I.   **The writ is void *ab initio* and should be quashed.**

The government argues that that the defendants lack "standing" to challenge the writ of habeas corpus *ad prosequendum* because "a wall of authority" holds that a prisoner has no federal habeas right to challenge the *prosequendum* writ. Opp'n at 2-4. The government's "wall of authority" addresses an entirely different scenario from that presented here. The cases cited by the government address the question of whether a prisoner has a constitutional right, cognizable on habeas review, to be returned from one sovereign to another, when neither sovereign objects to the prisoner's current placement. This case presents a different issue. The defendants here argue that this Court lacked jurisdiction to issue an order in the pending case to which they are parties. They have standing to do so and are entitled to relief on the merits.

REPLY TO OPP'N TO MOT. TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM
*CERVANTES*, CR 21–00328 YGR

**A.     Defendants have Article III standing to challenge the writ as void *ab initio*.**

The "standing" in the cases cited by the government—including *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922), and *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997)— is a "shorthand" for whether the prisoners have stated a "claim that would entitle them to habeas relief"—not Article III standing to challenge the issuance of the writ itself. *Moody v. Holman*, 887 F.3d 1281, 1286 (11th Cir. 2018). This distinction, as even the government acknowledged, was explained by the Eleventh Circuit in *Moody*. Opp'n at 3 n.3. The Eleventh Circuit held that the confusion over "standing" was due to "loose language in [] precedent" that "treated 'standing' and the lack of a 'cause of action' as interchangeable concepts…" *Moody*, 887 F.3d at 1286 (quoting *Bond v. United States*, 564 U.S. 211, 218 (2011)). *Moody* brings clarity to the standing issue raised by the government and reveals its inapplicability.

As *Moody* clarified, "The reference in our earlier cases to lack of standing is therefore best seen as shorthand for holding that the prisoners in question, as a matter of substantive law, did not have a claim that would entitle them to habeas relief." *Id*. The Eleventh Circuit went on to hold that the question of "standing" when a prisoner challenges a *prosequendum* writ requires that the courts first apply the "the familiar three-part test for Article III standing: injury-in-fact, causation, and redressability." 887 F.3d at 1285–86 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Eleventh Circuit then proceeded to conduct that analysis and found that a prisoner did indeed have standing to pursue his challenge to the ordering of his federal and state sentences, though it ultimately found the prisoner's habeas claim failed on the merits. *Id*. at 1287.

Applying the three-part test for Article III standing here demonstrates that defendants have standing to challenge the issuance of the writ. First, the defendants have alleged injury-in-fact. They claim that the writ unlawfully transferred them to Atwater, resulting in the deprivation of their Sixth Amendment right to counsel and greater restrictions on their liberties, including an uncounseled interview with federal agents at Moffett Federal Airfield. *See* Mot. at 2-3. The government argues that the increased distance from counsel and the uncounseled interview attempts are not Sixth Amendment violations. Opp'n at 4. Such arguments, however, "are not persuasive because they conflate the standing of [defendants] with the merits of [their] claims." *Moody*, 887 F.3d at 1287.

1   There is no Article III requirement that defendants "demonstrate a connection between the injuries

2   they claim and the ... rights being asserted." *Duke Power Co. v. Carolina Envt'l Study Grp., Inc*., 438

3   U.S. 59, 785 (1978). Defendants have cognizable injuries for purposes of Article III.

4        Second, the defendants have alleged causation. The government agrees that the issuance of the

5   writ resulted in the defendants' transfer from state to federal custody. Opp'n at 2. This easily

6   establishes that defendants' injury (unlawful detention at Atwater) is "fairly traceable to the

7   challenged action" (the issuance of the writ). *See Lujan*, 504 U.S. at 560 (alterations adopted).

8   "Proximate cause," after all, "is not a requirement of Article III standing[.]" *Lexmark Int'l, Inc. v.

9   Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014).

10       Third, the defendants have alleged redressability. If defendants are correct and the writ is void

11  *ab initio*, their injuries can be redressed because they will be returned to state custody. The

12  defendants have shown that they have standing to challenge the issuance of the writ.

13       **B.      The writ is void because the magistrate judge lacked jurisdiction to issue it.**

14       The government argues that even if the defendants have standing, their challenge fails on the

15  merits because courts have held that that a prisoner has no right to relief from the custody

16  arrangement between two sovereigns. Opp'n at 2-5. But *Ponzi*, and its progeny, address whether a

17  prisoner can obtain *habeas* relief when one sovereign elects, under the doctrine of comity, to

18  relinquish custody of a prisoner to another sovereign. *Poland*, 117 F.3d at 1098. These cases "did not

19  address—much less resolve in the government's favor—the point now at issue…." *Van Buren v.

20  United States*, 141 S. Ct. 1648, 1660 (2021). The issue here is whether the writ itself, which is

21  currently being enforced in pending prosecutions, is void for lack of jurisdiction.

22       "Federal courts are courts of limited jurisdiction, whose constitutional or congressional

23  limitations must be neither disregarded nor evaded." *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir.

24  1984). "Absence of subject matter jurisdiction may render a judgment void where a court wrongfully

25  extends its jurisdiction beyond the scope of its authority." *Id*. "A void judgment, as opposed to an

26  erroneous one, is legally ineffective from inception." *Id*.; *see also Burnham v. Superior Ct. of

27  California, Cty. of Marin*, 495 U.S. 604, 608–09 (1990) (tracing history of the "proposition that the

28  judgment of a court lacking jurisdiction is void").

1     For instance, in *United States v. Henderson*, 906 F.3d 1109 (9th Cir. 2018), the Ninth Circuit

2   held that a search warrant was void *ab initio* because the issuing magistrate judge acted outside of the

3   territorial authority conferred on magistrate judges under the then-applicable Federal Rules of

4   Criminal Procedure. *Id*. at 1119. And, in *Anderson v. Holder*, 673 F.3d 1089 (9th Cir. 2012), the

5   Ninth Circuit explained that "[a]n order of removal issued against a U.S. citizen is always *ultra vires*

6   and void, because the agency has no jurisdiction to order citizens removed." *Id.* at 1096.

7     Similarly, here, the writ issued by the magistrate judge is *ultras vires* and void *ab initio* because

8   the magistrate judge had no jurisdiction to issue of writ of habeas corpus transferring the defendants

9   into a federal institution for pretrial detention. A district court cannot issue a writ of habeas corpus *ad*

10  *prosequendum* for a prisoner "unless—it is *necessary* to bring him *into court* to testify or for trial."

11  28 U.S.C. § 2241(c)(5) (emphasis added); *see also United States v. Mauro*, 436 U.S. 340, 357 (1978).

12  The government argues that the writ permits indefinite pretrial detention outside of the court, but

13  cites no case so holding, only common practice. Opp'n at 6-7. Common practice has no authority

14  here. "Our task is to construe what Congress has enacted. We begin, as always, with the language of

15  the statute." *Duncan v. Walker*, 533 U.S. 167, 172 (2001); *see also Munaf v. Geren*, 553 U.S. 674,

16  686 (2008) (interpreting 28 U.S.C. § 2241(c)(1) based on the text).

17    Here, the plain text of the provision at issue here, § 2241(c)(5) demonstrates that the provision

18  strips courts of jurisdiction over habeas actions over a prisoner "unless" it is "*necessary* to bring him

19  *into court* to testify or for trial." 28 U.S.C. § 2241(c)(5) (emphasis added). Nothing in the text of

20  § 2241(c)(5) remotely suggests that, in using the familiar terms "necessary" in conjunction with "into

21  court to testify or for trial," Congress intended to depart from the ordinary meaning of that phrase,

22  which is to bring a prisoner "into court" when required for court appearances. *See United States v.*

23  *Turchin*, 21 F.4th 1192, 1201 (9th Cir. 2022) (construing phrases to refer to their ordinary meaning).

24  Congress, in enacting § 2241(c)(5), could have used broader language to confer habeas jurisdiction

25  over prisoners subject to federal prosecution–but it did not, and "we cannot construe jurisdictional

26  statutes any broader than their language will bear." *Bauer v. Transitional Sch. Dist. of City of St.*

27  *Louis*, 255 F.3d 478, 480 (8th Cir. 2001).

28

The historical context also supports this reading of the district courts' habeas jurisdiction. As explained in the defendants' motion, at the time of the enactment of 28 U.S.C. § 2241, the writ of habeas corpus *ad prosequendum* was understood to bring prisoners into courtrooms for their "immediate presence" "on a certain day"—not for indefinite pretrial detention outside of the courtroom. *Mauro*, 436 U.S. at 358, 362; *see* Mot. at 1-2. The government argues that the issuance of *prosequendum* writs for pretrial detention is a routine practice that has never been questioned. Opp'n at 1, 5. But this appears to be a modern practice that exceeds the historical reach of the writ. *See, e.g., Mauro*, 436 U.S. at 358. Regardless, "[w]hen the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest.  Only the written word is the law, and all persons are entitled to its benefit." *Bostock v. Clayton County*, 140 S. Ct. 1731, 1737 (2020).

The government also argues that the defendants' reading of the statute could "spawn litigation that would paralyze pending proceedings." Opp'n at 1, 5. But this is merely speculative, because many defendants may choose not to challenge their *prosequendum* writs. "In any event, the magnitude of a legal wrong is no reason to perpetuate it." *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2479–80 (2020). Moreover, courts "have 'no roving license' to disregard statutory text to make our jobs easier in interpreting it." *United States v. Lucero*, 989 F.3d 1088, 1094 (9th Cir. 2021) (internal citations omitted).

The writ is also fatally flawed because it was signed by a magistrate judge—a fact unknown to the defense until revealed by the government's opposition. Opp'n at 2. Writs of habeas corpus may only be "granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Magistrate judges are not justices, district courts, or circuit judges; they are "creatures of statute." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994). "The Federal Magistrates Act, 28 U.S.C. § 636, defines the scope of a magistrate judge's authority, imposing jurisdictional limitations on the power of magistrate judges that cannot be augmented by the courts." *Henderson*, 906 F.3d at 1115. Though § 636(c)(1) does permit magistrate judges to sit as district courts, it "requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge." *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). Because not "all parties" consented to the magistrate judge's exercise of authority with

1    respect to the writ, "[a]ny action taken by the magistrate judge beyond this statutory grant of

2    jurisdiction is … a nullity." *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019)

3           In short, in § 2241, Congress used jurisdiction-stripping language to limit the issuance of writs

4    of habeas corpus to Article III judges and to expressly bar the issuance of writs of habeas corpus to a

5    prisoner "unless" "*necessary* to bring him *into court* to testify or for trial." 28 U.S.C. § 2241(a),

6    (c)(5) (emphasis added). Because the writ facially falls within the statutory jurisdictional bar, it is

7    void. When an "order is void on its face for want of jurisdiction, it is the duty of this and every other

8    court to disregard it." *Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930); *New Process Steel, L.P. v.*

9    *N.L.R.B.*, 560 U.S. 674, 688 (2010) (reversing and invalidating agency board's action when it acted

10   without a quorum). Indeed, "[a] void judgment is a legal nullity," and Federal Rule of Civil

11   Procedure 60(b)(4) permits relief from such a judgment in habeas cases. *United Student Aid Funds,*

12   *Inc. v. Espinosa,* 559 U.S. 260, 270–71 (2010); *see Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)

13   (applying Federal Rule of Civil Procedure 60(b) to habeas proceedings).

**II.    Alternatively, the defendants' federal pretrial detention exceeds the scope of the writ and violates the Fourth Amendment, warranting return of their bodies.**

16          After the filing of defendants' motions, the government moved to unseal the *prosequendum*

17   writs, permitting the defense to view the writs for the first time—and revealing that the plain text of

18   the writ is clearly exceeded by the government's seizures in this case. *See* Dkt. No. 227. Accordingly,

19   even if the writ is not void *ab initio*, the government exceeded its scope by seizing the defendants'

20   bodies for pretrial detention, in violation of the Fourth Amendment's prohibition on unreasonable

21   seizures. *See* U.S. Const. amend. IV. The remedy for this violation is the return of the defendants'

22   bodies. *See* Fed. R. Crim. P. 41(g).

**A.    The seizure of defendants' bodies for pretrial detention exceeds the scope of the writ, in violation of the Fourth Amendment.**

24          If the scope of a seizure exceeds that permitted by the terms of a validly issued warrant, it is

25   unconstitutional. *See Horton v. California*, 496 U.S. 128, 140 (1990). In deciding whether a seizure

26   exceeded its lawful scope, a court may consider "both the purpose disclosed in the application for a

27   warrant's issuance and the manner of its execution." *United States v. Rettig*, 589 F.2d 418, 423 (9th

28   Cir. 1978). Applying these principles, this Court has held that a federal agent exceeded the scope of a

warrant when he obtained from a criminal defendant the multi-digit passcode to her cellphone, rather than a biometric key authorized by text of the warrant. *United States v. Maffei*, No. 18-CR-00174-YGR-1, 2019 WL 1864712, at \*4 (N.D. Cal. Apr. 25, 2019).

Similarly, in this case, the government exceeded the scope of the writ when it seized the defendants for pretrial detention outside of the courthouse, rather than producing the defendants' bodies "before this Court" so they can "be present for all future hearings." *See* Dkt. Nos. 4-18. The text of the signed writ provides only that the government "produce the body" of each defendant "to the U.S. Marshal and/or his authorized deputies prior to appearing before the Honorable Nathanael Cousins" "located at San Jose Federal Courthouse" "on September 15, 2021, at 1:00 p.m., or as soon thereafter as practicable, on the charges filed against defendant in the above-entitled Court and further to produce said defendant at all future hearings as necessary until the termination of the proceedings in this Court." *See* Dkt. Nos. 4-18. Nowhere in the application or signed writ did the government request, or the magistrate judge authorize, the defendants be detained in federal pretrial custody—in a high security prison, no less—outside of the courthouse. Thus, by seizing defendants and keeping them in pretrial detention, the government exceeded the scope of the warrant in violation of the Fourth Amendment.

**B.     The remedy for the government's unconstitutional seizure of defendants' bodies is the return of their bodies.**

In *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010), the Ninth Circuit affirmed the district court's order requiring the government to return data that it had unlawfully seized in violation of the warrant's protocol. *Id.* at 1174. The Ninth Circuit held that Federal Rule of Criminal Procedure 41(g) "empowers" district courts to "forc[e] the government to return property that it had not properly seized"—including "urine samples and other bodily fluids." *Id.* at 1173.

"When, as here, the government comes into possession of evidence by circumventing or willfully disregarding limitations in a search warrant, it must not be allowed to benefit from its own wrongdoing by retaining the wrongfully obtained evidence or any fruits thereof." *Id.* at 1174. Likewise, here, the government should not be allowed to benefit from its wrongful retention of the

1     defendants' bodies. The district court should order the return of the defendants' bodies to the custody

2     of the state.

3     **CONCLUSION**

4         Because the writs of habeas corpus *ad prosequendum* issued in this case are void, and the

5     defendants clearly have standing to challenge them, they should be quashed. *See* Fed. R. Civ. P.

6     60(b)(4). Alternatively, because the government violated the Fourth Amendment in exceeding the

7     scope of the writ, the defendants' unlawfully seized bodies should be returned. *See* Fed. R. Crim. P.

8     41(g).

1

2    Dated:      February 14, 2022                    Respectfully submitted,

3
                                                      GEOFFREY A. HANSEN
4                                                     Acting Federal Public Defender
                                                      Northern District of California
5
                                                            /S
6                                                     _____
                                                      JOHN PAUL REICHMUTH
7                                                     Assistant Federal Public Defender
                                                      Counsel for Defendant David Cervantes
8
                                                            /S
9                                                     _____
                                                      SHAFFY MOEEL
10                                                    Moeel Lah Fakhoury LLP
                                                      Counsel for Defendant Antonio Guillen
11
                                                            /S
12                                                    _____
                                                      ERIK G. BABCOCK
13                                                    Law Offices of Erik Babcock
                                                      Counsel for Defendant James Perez
14
                                                            /S
15                                                    _____
                                                      MIRANDA KANE
16                                                    MATTHEW LESLIE SMITH
                                                      Conrad | Metlitzky | Kane LLP
17                                                    Counsel for Defendant Samuel Luna

18                                                          /S
                                                      _____
19                                                    RANDY SUE POLLOCK
                                                      Attorney at Law
20                                                    Counsel for Defendant Guillermo Solorio

21                                                          /S
                                                      _____
22                                                    MICHELLE D. SPENCER
                                                      Attorney at Law
23                                                    Counsel for Defendant Trinidad Martinez

24                                                          /S
                                                      _____
25                                                    JAY ADAM RORTY
                                                      Law Offices of Jay Rorty
26                                                    Counsel for Defendant George Franco

27                                                          /S
                                                      _____
28                                                    MIKE HINCKLEY
                                                      Attorney at Law
                                                      Counsel for Defendant Steven Trujillo

REPLY TO OPP'N TO MOT. TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM
*CERVANTES*, CR 21–00328 YGR

1

2          /S
   _____
   CHARLES JASON SIMPSON WOODSON
3  Law Offices of Charles J.S. Woodson
   Counsel for Defendant Salvador Castro

4          /S
   _____
   CARLEEN R. ARLIDGE
5  Attorney at Law
   Counsel for Defendant Bryan Robledo

6

7          /S
   _____
   PETER LANGDON ARIAN
8  Peter L. Arian Law Offices
   Counsel for Defendant Alex Yrigollen

9

10         /S
   _____
   ERICK L. GUZMAN
11 Law Offices
   Counsel for Defendant Juan Soto

12

13         /S
   _____
   STEVEN GARY KALAR
14 Kalar Law Office
   Counsel for Defendant Edgardo Rodriguez

15

16         /S
   _____
   MARK D. FLANAGAN
17 WilmerHale LLP
   Counsel for Defendant Robert Maldonado

18         /S
   _____
   JOHN J. JORDAN
19 Law Office of John J. Jordan
   Counsel for Defendant Eric Zarate

20

21

22

23

24

25

26

27

28

REPLY TO OPP'N TO MOT. TO QUASH WRIT OF HABEAS CORPUS AD PROSEQUENDUM
*CERVANTES*, CR 21–00328 YGR

10